STEPHEN T. KAM (Cal. Bar No. 327576)
Email: kams@sec.gov
SARAH S. NILSON (Cal. Bar No. 254574)
Email: nilsons@sec.gov
WENDY E. PEARSON (Cal. Bar No. 211099)
Email: pearsonw@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Katharine Zoladz, Regional Director
Brent Wilner, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   vs.<br><br>RYAN CHOI,<br><br>   Defendant, | Case No. 2:24-cv-09082<br><br>**NOTICE OF RELATED CASE PURSUANT TO L.R. 83-1.3.1** |

TO THE CLERK OF THIS HONORABLE COURT AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that, pursuant to Local Rule 83-1.3.1, Plaintiff Securities and Exchange Commission ("SEC") advises that this settled action and the following action previously filed in the Central District of California are "related cases" under Local Rule 83-1.3.1: <u>SEC v. Andrew Left and Citron Capital, LLC</u>, Case No. 2:24-cv-06311-SPG-RAO, which is pending before United States District

1

Judge Sherilyn Peace Garnett in the Central District of California, Western Division (the "Andrew Left Action").

### 1. The Instant Settled Action

The SEC's settled complaint in the instant case alleges that Defendant Ryan Choi—a co-founder of Citron Capital, LLC along with Andrew Left—assisted Left in preparing tweets and reports that Left published through Citron Research between October 2018 and December 2020. Choi engaged in conduct that operated as a fraud on the readers of Citron Research, allowing Choi to make $1,647,217 in profits, in connection with his trading around 2 Citron Research tweets in December 2020. The complaint alleges that Choi violated Section 17(a)(3) of the Securities Act of 1933.

### 2. The Andrew Left Action

The SEC's complaint in the Andrew Left Action similarly alleges that Andrew Left and Citron Capital, LLC misused the Citron Research platform to engage in a scheme to defraud between October 2018 and December 2020, allowing them to generate $20 million in illegal trading profits in connection with their trading around 26 Citron Research tweets and reports. The complaint alleges that the defendants violated Section 17(a) of the Securities Act of 1933, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and that Left acted as a control person of Citron Capital pursuant to Section 20(a) of the Exchange Act.

### 3. L.R. 83-1.3.1 Factors

As a result, the instant case and the Andrew Left Action (a) appear to arise from the same or a closely related transactions, happenings, or events, (b) call for determination of the same or substantially related or similar questions of law; and (c) are likely to entail substantial duplication of labor if heard by different judges.

Dated: October 22, 2024

/s/ *Stephen Kam*
STEPHEN T. KAM
Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On October 22, 2024, I caused to be served the document entitled **NOTICE OF RELATED CASE PURSUANT TO L.R. 83-1.3.1** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: October 22, 2024          /s/ Stephen T. Kam
                                Stephen T. Kam

1

**SEC v. Ryan Choi**
United States District Court—Central District of California
Case No. 2:24-cv-09082

**SERVICE LIST**

Patrick F. Stokes
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306

John W. Berry
Munger, Tolles, & Olson LLP
350 South Grand Ave, 50th Floor
Los Angeles, CA 90071
**Attorneys for Defendant**